**Bernard L. ALPERT, Regional Director, First Region, National Labor Relations Board, for and on Behalf of NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**LOCAL 25, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent.**

Civ. A. No. 63–369–C.

United States District Court
D. Massachusetts.

May 1, 1963.

Paul F. Dwyer, Regional Office, National Labor Relations Board, Boston, Mass., for plaintiff.

Stephen J. D'Arcy, Jr., Boston, Mass., for defendant.

CAFFREY, District Judge.

This cause came on to be heard upon the verified petition of Bernard L. Alpert, Regional Director of the First Region of the National Labor Relations Board (herein called the Board), for a temporary injunction pursuant to Sec-

tion 10(*l*) of the National Labor Relations Act, as amended (herein called the Act), pending final disposition of the matters involved herein pending before the Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. Respondent filed an answer to the petition. A hearing on the issues raised by the petition and answer was held this date, May 1, 1963.

Upon the basis of the evidence presented and after considering oral arguments and written memoranda filed by counsel I make the following findings of fact:

1. Petitioner is Regional Director of the First Region of the Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. On or about April 18, 1963, J. C. Driscoll Transportation, Inc. (herein called Driscoll), pursuant to the provisions of the Act, filed an amended charge to a charge originally filed with the Board on April 4, 1963, said amended charge alleging that Local 25, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a labor organization, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii), subparagraph (B), of the Act.

3. The aforesaid charges and amended charge were referred to petitioner as Regional Director of the First Region of the Board.

4. There is, and petitioner has reasonable cause to believe that:

(a) Respondent, an unincorporated association, is an organization in which employees participate and which exists for the purpose in whole or in part of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

(b) Respondent maintains its principal offices at Charlestown, Massachusetts, and at all times material herein respondent has been engaged within this judicial district in transacting business and in promoting and protecting the interests of its employee members.

(c) Boston & Rockland Transportation Company (herein called B & R) is engaged at Boston, Massachusetts, and elsewhere, as a common carrier in the transportation by motor vehicle of goods and products. In the operation of its business B & R transports goods and materials to and between the various states of the United States and annually performs services in connection with the movement of goods in interstate commerce valued at in excess of $50,000.

(d) Driscoll, a Massachusetts corporation, is engaged as a common carrier in the transportation industry. In the operation of its business Driscoll transports goods and materials to, from and between the various states of the United States and annually performs services in connection with the movement of goods in interstate commerce valued at in excess of $50,000.

(e) Prior to January 1, 1963 both B & R and Driscoll maintained terminal facilities at 302 Main Street, Charlestown, Massachusetts, where the employees of both employers were represented by respondent. On or about January 1, 1963, pursuant to an agreement between Driscoll and B & R, B & R closed its terminal facilities, discontinued its local operations at the aforesaid terminal, discharged its employees, and subcontracted the services it formerly performed at the terminal to Driscoll. B & R was dissatisfied with the performance of its employees at this terminal and had been losing money in the operation for some period of time. It had been a "no profit" operation for years. For this reason B & R made a decision to become strictly a long-haul carrier. The financial considerations appear to be the dominant factor in B & R's decision to cease operation at the Charlestown terminal.

(f) On or about April 4, 1963 respondent demanded that B & R reopen its Charlestown terminal and rehire the former employees of B & R. B & R refused to comply with this demand.

(g) At no time material herein has respondent had any labor dispute with Driscoll.

(h) In furtherance of its demand that B & R reopen its Charlestown terminal, on or about April 8, 1963 respondent threatened Driscoll that it would prevent it from handling goods destined for or from B & R, and since that date has picketed the Charlestown terminal at times when the employees of B & R were not present at the terminal, and has ordered, directed, instructed, requested and appealed to individuals employed by Driscoll to cease performing services for their employer. At least five of the pickets are members of respondent and former employees of B & R. The signs carried by the pickets read "Employees of Boston and Rockland on strike Teamsters Local 25."

(i) By the acts and conduct set forth in 4(h) above, respondent has engaged in and has induced and encouraged individuals employed by Driscoll and by other persons engaged in commerce or in industries affecting commerce to engage in strikes or refusals in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on goods, articles, materials, or commodities or to perform services, and has threatened, coerced and restrained Driscoll and other persons engaged in commerce or in industries affecting commerce.

(j) As a result of respondent's acts and conduct aforesaid, the employees of Driscoll have ceased performing any services for their employer relating to goods for or from B & R.

(k) An object of the acts and conduct of respondent set forth in 4(h), (i) and (j) above, was and is to force or require Driscoll and other persons to cease using, selling, handling, transporting, or otherwise dealing in the products of and to cease doing business with B & R.

(l) The acts and conduct of respondent set forth in 4(h), (i), (j) and (k) above, occurring in connection with the operations of Driscoll and B & R, have

a close, intimate and substantial relation to trade, traffic and commerce among the several States and tend to lead to and do lead to labor disputes burdening and obstructing commerce and the free flow of commerce.

(m) Driscoll has a contract with Local 25 which contains a grievance procedure to be followed in the case of any labor dispute between Local 25 and Driscoll, and Local 25 has not attempted to utilize the grievance procedure contained in the contract despite its claim at this hearing to the effect that it has a labor dispute with Driscoll.

5. It may fairly be anticipated that unless enjoined respondent will continue and repeat the acts and conduct set forth in 4(h), (i), (j), (k) and (l) above, or similar or like acts and conduct.

I rule as follows:

6. This court has jurisdiction of the parties and of the subject matter of this proceeding and under Section 10(l) of the Act is empowered to grant injunctive relief.

7. There is, and petitioner has reasonable cause to believe that:

(a) Respondent Local 25 is a labor organization within the meaning of Sections 2(5), 8(b) and 10(l) of the Act.

■ (b) B & R and Driscoll are engaged in commerce within the meaning of Sections 2(6) and (7) of the Act.

■ (c) Respondent has engaged in unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii), subparagraph (B), of the Act, affecting commerce within the meaning of Sections 2(6) and (7) of the Act, and a continuance of these practices will impair the policies of the Act as set forth in Section 1(b) thereof.

8. To preserve the issues for the orderly determination as provided in the Act, it is appropriate, just and proper that pending the final disposition of the matters herein involved pending before the Board, respondent, its officers, representatives, agents, servants, employees, attorneys, and all members and persons

acting in concert or participation with it or them, be enjoined and restrained from the commission, continuation, or repetition of the acts and conduct set forth in paragraphs 4(h), (i), (j), (k) and (l) above, acts or conduct in furtherance or support thereof, or like or related acts or conduct the commission of which in the future is likely or may fairly be anticipated from respondent's acts and conduct in the past.